IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIYEH GREEN, | ) | Civil Action No. 2:26-cv-593 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN SHELTON and | ) | JURY TRIAL DEMANDED |
| JOSEPH GILES, | ) | |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, CHIYEH GREEN, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and AMANDA N. SHIELDS, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.     This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.     This action is brought against the Defendants for violating Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3.     Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, Chiyeh Green, is an African-American adult individual who resides in Allegheny County, Pennsylvania.

6.      Defendant, Brian Shelton ("Shelton"), is a male individual and United States citizen. Plaintiff believes, and therefore avers, that Defendant Shelton is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Shelton was a law enforcement officer employed by the City of Pittsburgh Police Department, 1203 Western Avenue, Pittsburgh, Pennsylvania, 15233, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Police.

7.      Defendant, Joseph Giles ("Giles"), is a male individual and United States citizen. Plaintiff believes, and therefore avers, that Defendant Giles is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Giles was a law enforcement officer employed by the City of Pittsburgh Police Department, 1203 Western Avenue, Pittsburgh, Pennsylvania, 15233, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the City of Pittsburgh Police.

FACTUAL ALLEGATIONS

8.      On or about July 24, 2025, Plaintiff was arrested without probable cause at his home by Defendant Shelton for crimes that he did not commit.

9.      At the time of his arrest and the date that the alleged crimes occurred, July 20, 2025, Plaintiff was on probation and wearing an electronic home monitoring ankle bracelet that tracked

2

his movements.  At the date and time that the alleged crimes occurred, Plaintiff's ankle monitor showed that he was at home and could not have committed the crimes of which he was accused.

10.     However, despite knowledge of Plaintiff's probation, that he was at home at the time, subject to home monitoring, and despite Defendant's access to Plaintiff's probation officer at the time of Plaintiff's arrest, Defendant Shelton ignored reasonably discoverable exculpable evidence in order to arrest Plaintiff.

11.     In fact, at the time that Plaintiff was arrested, Defendant Shelton was informed by Plaintiff's probation officer of the Plaintiff's location at the time of the incident, as well as the limitations to Plaintiff's movement caused by Plaintiff's ankle bracelet.

12.     In addition, video evidence of the incident clearly depicts a different individual, who does not resemble Plaintiff, committing the alleged crimes.

13.     In his affidavit of probable cause, Defendant Shelton wrote that, on July 21, 2025, he responded to a report of an assault at 2112 Sydney Street, Pittsburgh, Pennsylvania, 15203, that occurred on July 20, 2025, and was livestreamed on Facebook.  Defendant Shelton wrote that he viewed video evidence depicting a victim being assaulted by a female and a male.  In his affidavit of probable cause, Defendant Shelton identified Plaintiff as the male perpetrator depicted in the video evidence.

14.     Defendant Shelton wrote that he then spoke to the victim of the assault, who identified the female as Kieara Moses ("Moses"), as an individual that he had a relationship with, and the male as the father of the female individual's children.  Defendant Shelton stated that the victim provided an image of a Facebook profile for "Sly Green," which depicted a black male who "matched" the male perpetrator in the video evidence.

3

15. Defendant Shelton stated that he received a phone call from a City of Pittsburgh Detective, Pamela DeGuffroy, who informed him that "[Defendant] Giles was made aware of the video and was able to positively identify the male actor as Chiyeh Green from prior interactions/charges against Green."

16. Defendant Giles misidentification of Plaintiff was willful and/or made with reckless disregard for the truth, as the video evidence wherein Defendant Giles allegedly identified Plaintiff clearly shows a different individual other than Plaintiff committing the crimes for which Plaintiff was arrested. Plaintiff believes that the only identifiable similarity between the male perpetrator depicted in the video evidence and the Plaintiff is their race and/or skin color.

17. Therefore, Plaintiff believes, and therefore avers, that Defendant Giles identified Plaintiff solely based on his race, African-American, and/or his skin color.

18. Based on the foregoing, Defendant Shelton obtained an invalid and improper arrest warrant to arrest Plaintiff.

19. Defendant Shelton did not include in his affidavit of probable cause exculpatory evidence that Plaintiff was on probation and wearing an electronic home monitoring ankle brace at the time of the incident.

20. On July 24, 2025, Defendant Shelton and several other officers arrived at Plaintiff's home and arrested Plaintiff. Plaintiff was charged with felony crimes of aggravated assault, kidnapping, robbery, and conspiracy, as well as misdemeanor crimes of terroristic threats, unlawful restraint, and simple assault.

21. At that time, Plaintiff's probation officer also arrived at Plaintiff's home and informed Defendant Shelton and several other officers that Plaintiff was on house arrest with an electronic

4

home monitoring ankle bracelet at the time of the incident on July 20, 2025, and could not have committed the crimes of which he was accused.

22.     Despite this knowledge, Defendant Shelton and the other officers proceeded to arrest and detain the Plaintiff despite the above-described exculpatory evidence provided by Plaintiff's probation officer.

23.     Plaintiff was imprisoned at Allegheny County Jail for six (6) days.

24.     Thereafter, all charges against Plaintiff were dismissed at a bond hearing.

25.     Plaintiff believes, and therefore avers, that Defendant Shelton and other officers knew through information received by Plaintiff's probation officer, as described above, that Plaintiff was misidentified and did not commit the crimes that he was charged with prior to Plaintiff's detention and/or bond hearing.  Nevertheless, Plaintiff was held in jail, without probable cause, until his bond hearing.

26.     As aforementioned, during the incident on July 20, 2024, Plaintiff was at home, which is located more than five (5) miles from where the assault and other alleged crimes occurred.

27.     The fact that Plaintiff was at home during the incident was known to Defendant Shelton at all relevant times and/or at least, was reasonably discoverable to Defendant Shelton, as Defendant Shelton knew at the time of Plaintiff's arrest that Plaintiff was on probation and wearing an electronic home monitoring ankle brace.  Nevertheless, Defendant Shelton willfully and/or with reckless disregard ignored reasonably discoverable exculpatory information.

28.     Plaintiff believes, and therefore avers, that Defendant Shelton also had access to Plaintiff's image, due to Plaintiff being on probation, prior to Defendant Shelton obtaining Plaintiff's arrest warrant and his arrest.  Plaintiff's image clearly depicts a different individual than who was shown on the video evidence of the incident viewed by Defendant Shelton.

5

Defendant Shelton either willfully disregarded this exculpatory evidence, or ignored reasonably discoverable exculpatory information in order to arrest Plaintiff.

29.     Therefore, Defendant Shelton conducted a constitutionally deficient investigation, and Plaintiff was arrested without probable cause.

30.     Moreover, Plaintiff believes, and therefore avers, that Defendant Shelton willfully disregarded exculpatory evidence and/or ignored reasonably discoverable exculpatory information in order to arrest Plaintiff because of Plaintiff's race and/or skin color.

31.     Defendant Giles misidentification of Plaintiff, and Defendant Shelton's unlawful arrest of Plaintiff, were motivated by the Defendants' racial animus towards Plaintiff, as Plaintiff was only identified and charged with the aforementioned crimes because of his race and/or the color of his skin.

32.     Moreover, Plaintiff believes, and therefore avers, that similarly situated Caucasian individuals who are on probation and wearing electronic home monitoring ankle braces were treated more favorably by the Defendants in that they were not subject to misidentification, constitutionally deficient investigations, and arrest in the face of irrefutable evidence demonstrating their whereabouts.

33.     The actions of the Defendants were willful, wanton, and/or done with a reckless disregard for the rights of Plaintiff.

34.     As a result of the Defendants' conduct, Plaintiff suffered emotional trauma and distress, as well as economic harm.

COUNT I:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

MALICIOUS PROSECUTION

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as though fully set forth at length herein.

36. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

37. At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from prosecution without probable cause.

38. Defendant Shelton initiated the unjustified prosecution of the Plaintiff and charged the Plaintiff with the aforementioned criminal charges without probable cause. Defendant Shelton conducted a constitutionally deficient investigation by willfully and/or with reckless disregard ignoring exculpatory evidence as well as reasonably discoverable exculpatory evidence in order to prosecute Plaintiff.

39. Defendant Shelton, instead, relied on the misidentification of Plaintiff by Defendant Giles, who identified Plaintiff as the perpetrator of the aforementioned criminal conduct solely because of Plaintiff's race and/or skin color.

40. The Defendants knew, or should have known, through the use of reasonable care, that no probable cause existed for the prosecution of the Plaintiff.

41.     The arrest, seizure and subsequent prosecution of the Plaintiff constituted a malicious prosecution by the Defendants in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

42.     The actions of the Defendants constituted malicious prosecution in that:

      a.     Defendants initiated criminal proceedings against Plaintiff;

      b.     the criminal proceedings ended in the Plaintiff's favor;

      c.     the arrest, seizure and prosecution of the Plaintiff were initiated without probable cause;

      d.     Defendants acted maliciously and/or for purposes other than bringing the Plaintiff to justice;

      e.     Defendants acted outside the scope of their prosecutorial functions; and

      f.     Plaintiff suffered an unlawful seizure of his person in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

43.     The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants to punitive damages.

44.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

      a.     Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

      b.     fright, horror, and shock;

      c.     emotional trauma and suffering; and

      d.     economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

8

permitted by law; punitive damages against Defendants and such other relief, including

injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

FALSE ARREST

45.     Plaintiff incorporates by reference Paragraphs 1 through 44 as though fully set forth at

length herein.

46.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendants for violations of Plaintiff's constitutional rights under color of law.

47.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from arrest without probable

cause.

48.     The unreasonable seizure of Plaintiff's person and his subsequent false arrest constituted

an unreasonable deprivation of the Plaintiff's liberty in violation of the Fourth Amendment to the

United States Constitution, and at all times was done without probable cause.

49.     The actions of the Defendants were willful, wanton and/or done with a reckless disregard

for the rights of Plaintiff, thereby subjecting Defendants to punitive damages.

50.     The conduct of the Defendants deprived the Plaintiff of his right to be free from

unreasonable and unlawful detention and arrest.

9

51.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

a.    Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

b.    fright, horror, and shock;

c.    emotional trauma and suffering; and

d.    economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

FALSE IMPRISONMENT

52.    Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C §1983 against the above captioned Defendants for violations of their constitutional rights under color of law.

10

54.     Pursuant to 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution, Plaintiff had the right to be free from the unreasonable seizure of his person and unlawful detention.

55.     As more fully described hereinbefore above, Defendants unlawfully arrested and detained the Plaintiff without any probable cause to do so.

56.     Plaintiff was incarcerated at Allegheny County Jail for six (6) days.

57.     The Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting these Defendants to punitive damages.

58.     The named Defendants acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

59.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

   a.     Plaintiff's rights under the Fourth Amendment to the United States constitution were violated;

   b.     fright, horror, and shock;

   c.     emotional trauma and suffering; and

   d.     economic damages related to any and all consequential costs.

   WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

11

COUNT IV:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

EQUAL PROTECTION

60.     Plaintiff incorporates by reference Paragraphs 1 through 59 as though fully set forth at length herein.

61.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiff's constitutional rights under color of law.

62.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution, Plaintiff had the right to equal protection of the law.

63.     Plaintiff's constitutionally protected right to equal protection of the law when Defendant Shelton relied on the misidentification of Plaintiff by Defendant Giles, who identified Plaintiff as the perpetrator of the aforementioned criminal conduct solely because of Plaintiff's race and/or skin color.

64.     Defendant Shelton willfully disregarded exculpatory evidence or ignored reasonably discoverable exculpatory information in order to arrest Plaintiff because of Plaintiff's race and/or skin color.

65.     Defendant Giles misidentification of Plaintiff and Defendant Shelton's unlawful arrest of Plaintiff were motivated by the Defendants' racial animus towards Plaintiff, as Plaintiff was only identified and charged with the aforementioned crimes because of his race and/or the color of his skin.

66.    Plaintiff's constitutionally protected right to equal protection of the law was further violated when the Defendants unlawfully arrested the Plaintiff, subjected the Plaintiff to an unlawful seizure, and malicious prosecution based upon a discriminatory classification, to wit, Plaintiff's race.

67.    Similarly situated Caucasian individuals who are on probation and wearing electronic home monitoring ankle braces were treated more favorably by the Defendants in that they were not subject to misidentification, constitutionally deficient investigations, and arrest in the face of irrefutable evidence demonstrating their whereabouts.

68.    The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants to punitive damages.

69.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

a.    Plaintiff's rights under the Fourteenth Amendment to the United States constitution were violated;

b.    fright, horror, and shock;

c.    emotional trauma and suffering; and

d.    economic damages related to any and all consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

13

COUNT V:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>FALSE IMPRISONMENT</u>

70.    Plaintiff incorporates by reference Paragraphs 1 through 69 as though fully set forth at length herein.

71.    Plaintiff claims damages for the injuries set forth herein under Pennsylvania Common Law against the Defendants for violations of Plaintiff's rights under color of law.

72.    As more fully described hereinbefore above, Defendants unlawfully arrested and detained the Plaintiff without any probable cause to do so.

73.    Plaintiff was incarcerated at Allegheny County Jail for six (6) days.

74.    The Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting these Defendants to punitive damages.

75.    The named Defendants acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

76.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a.    violation of Plaintiff's rights under Pennsylvania Common Law;

    b.    fright, horror and shock;

    c.    emotional trauma and suffering; and

    d.    economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs

of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff incorporates by reference Paragraphs 1 through 76 as though fully set forth at length herein.

78. Defendants intentionally engaged in outrageous conduct with the intention of inflicting emotional distress upon the Plaintiff.

79. As more fully described hereinbefore above, Defendants unlawfully arrested and detained the Plaintiff without any probable cause to do so. As a result, Plaintiff was incarcerated at Allegheny County Jail for six (6) days.

80. Defendants knew, or should have known, through the use of ordinary caution, that this conduct would result in severe emotional distress of the Plaintiff.

81. Plaintiff's emotional distress, which resulted from Defendants' conduct, was foreseeable and certain.

82. The actions of Defendants were willful, deliberate, and were done with reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

83.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

a.      violation of Plaintiff's rights under Pennsylvania Common Law;

b.      fright, horror and shock;

c.      emotional trauma and suffering; and

d.      economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
Amanda N. Shields, Esquire
PA ID No. 334025
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: April 7, 2026

17